UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:10-CR-00093-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| CHARLETTE DUFRAY JOHNSON, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's letter of 2 February 2011, which the court construes as a *pro se* motion to withdraw her plea of guilty, and defendant's motion for release pending sentencing.

On 24 November 2010, a superseding indictment against defendant was filed, charging her with six counts of submitting false, fictitious, and fraudulent claims in violation of 18 U.S.C. § 287, eight counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. On 31 January 2011, defendant pled guilty to twelve of the sixteen counts charged in the superseding indictment. On 8 February 2011, the Clerk received and filed the instant *pro se* motion to withdraw guilty plea. Defendant, through counsel, filed a motion for release from custody pending sentencing on 16 February 2011. The government filed its responses to these motions on 18 February 2011 and 1 March 2011, respectively.

First, the court considers plaintiff's motion to withdraw her plea of guilty. In ruling on a motion to withdraw a guilty plea before sentencing, the defendant must show that there is a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); see also United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003), cert. denied, 540 U.S. 1226 (2004).

The defendant does not have an "'absolute right' to withdraw a guilty plea." Bowman, 348 F.3d at 413 (citations omitted). Determining whether the defendant has advanced a fair and just reason is generally "confined to whether the underlying plea was both counseled and voluntary." Id. at 414. If the Rule 11 process is conducted properly, the defendant is left "with a very limited basis upon which to have [her] plea withdrawn." Id. The plea colloquy serves a meaningful function on which the court can rely, "'rais[ing] a strong presumption that the plea is final and binding.'" Id. (citation omitted). The court is hesitant to allow a defendant to manipulate the Rule 11 process by "assert[ing], in support of a motion to withdraw a guilty plea, that [she] lied" under oath. Id. at 417.

The Fourth Circuit has espoused factors that the trial court may consider in ruling on a motion to withdraw a guilty plea. They include:

> (1) whether the defendant has offered credible evidence that [her] plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted [her] legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. at 414 (quotation and citation omitted).

Considering these factors, the court concludes defendant should not be allowed to withdraw her guilty plea. First, and most importantly, the court properly conducted defendant's plea hearing pursuant to Rule 11. The court explained to defendant all her rights she would waive by pleading guilty. (See 1/31/11 Tr. at 3–5, 9.) Defendant stated she understood those rights. (Id. at 25.) Defendant further stated that she had received a copy of the superseding indictment, that she had time to go over it with her lawyer, and that she fully understood the

2

charges. (Id. at 23–24.) The government thoroughly recited the evidence it believed that proved defendant's guilt. (See id. at 27-31.) Defendant agreed that the government could prove this evidence, (id. at 31), thus establishing a factual basis for defendant's guilty plea. Finally, the court informed defendant of the maximum penalties she faced on the charges, (id. at 33); that she may be ordered to make restitution and forfeit property, (id. at 5-6); and that the court is required to impose a special assessment on each count, (id. at 6, 33).

Second, defendant swore under oath that no one had threatened her or in any way forced her to plead guilty. (Id. at 26.) She stated she had plenty of time to communicate with her attorney and that she was satisfied with his services, evidence of assistance of competent counsel. (Id. at 24.) The court is entitled to rely on these statements defendant made under oath. See Bowman, 348 F.3d at 417. Relying on defendant's statements, the court specifically found that her plea was freely and voluntarily entered. (Id. at 31.)

Additionally, it is significant to note that defendant does not assert her legal innocence. In considering the remaining factors, the court finds that they do not weigh for or against defendant. Defendant has not presented a "fair and just reason" for withdrawing her guilty plea.

Next, the court evaluates defendant's motion for release pending sentencing. Title 18, United States Code, Section 3143(a)(1), which governs the release and detention of defendants pending sentencing, provides that

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

3

This section creates a presumption in favor of detention. <u>United States v. Jinwright</u>, No. 3:09CR67, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010). Defendant has the burden to overcome this presumption by showing, with clear and convincing evidence, that she is not a flight risk and does not pose a danger to others or the community. Fed. R. Crim. P. 46(c); <u>see also</u> <u>Jinwright</u>, at *1.

In support of her motion, defendant argues that, because she faces a "substantial sentence," she should be released pending sentencing so she can care for her elderly parents and "implement a plan to ensure" for their care during her incarceration. (2/16/11 Mot. at 2–3.) Defendant has not rebutted the presumption against her. In order to rebut the presumption, defendant needs to show by clear and convincing evidence that she is not a flight risk and does not pose a danger to others or the community. Defendant failed to address these factors, and therefore, has not met her burden.

For the foregoing reasons, defendant's motion to withdraw her plea of guilty is DENIED and defendant's motion for release pending sentencing is DENIED.

This 9 March 2011.

_____
W. Earl Britt
Senior U.S. District Judge

4

Case 7:10-cr-00093-BR   Document 59   Filed 03/09/11   Page 4 of 4