UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:10-CR-00093-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| CHARLETTE DUFRAY JOHNSON ) | |
| ) | |

This matter is before the court on defendant's motion for stay, bond, or injunction pending appeal pursuant to 18 U.S.C. § 3143(b) and Rule 8(a)(1) of the Federal Rules of Appellate Procedure. The government has filed a brief in opposition to the motion.

On 26 August 2010, defendant was indicted on six counts of presenting false, fictitious, or fraudulent claims to FEMA in violation of 18 U.S.C. § 287. Defendant was released on personal recognizance. (DE # 8.) Thereafter, defendant was charged in a criminal complaint with committing wire fraud in violation on 18 U.S.C. § 1343. See United States v. Johnson, No. 5:10-MJ-1904 (E.D.N.C.). On the government's motion and after hearing, Magistrate Judge William A. Webb revoked defendant's pretrial release upon finding by clear and convincing evidence that defendant had violated the terms of her release, namely by committing a federal crime while on release, and "that she constitutes both a risk of flight and danger to the community." (DE # 20.) On 24 November 2010, a superseding indictment was filed against defendant, charging her with six counts of presenting false, fictitious, or fraudulent claims to FEMA in violation of 18 U.S.C. § 287; eight counts of wire fraud in violation of 18 U.S.C. § 1343; and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.

On 31 January 2011, defendant pled guilty to two counts of presenting false, fictitious, or fraudulent claims, all wire fraud counts, and all aggravated identity theft counts. On 16 February 2011, defendant filed a motion for release pending sentencing. (DE # 47.) The court denied that motion on 9 March 2011, finding that defendant had not rebutted the presumption in favor of detention. (DE # 59.) Shortly thereafter, defendant filed a motion for temporary release in order for defendant to spend time with her mother who was dying of cancer. (DE # 61.) With the government's consent to temporary release based on humanitarian reasons, the court granted the motion. (DE # 63.) Defendant remained on release until her sentencing on 5 July 2011. The court sentenced defendant to a total term of imprisonment of 121 months, and defendant has filed a notice of appeal.

In the instant motion, defendant contends that she meets all the criteria of 18 U.S.C. § 3143(b). That statute provides in relevant part that

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained, unless the judicial officer finds--
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). As a sister court has explained,

> [t]he presumption of section 3143(b) is that a person pending appeal be detained. The clear language of that section

> requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception. . . . Thus, from the outset, it should be clear to Defendant that he is asking the Court to do the unusual.
>
> Section 3143(b) places the burden on the defendant in showing that he should be released pending appeal. The defendant must show the court that he has met a two-prong test. The test requires the defendant to show that:
>> (1) by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community; *and*
>> (2) that the defendant's appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.
>
> Only once the defendant has met both prongs of the test can the district court order the defendant released on bail.

United States v. Hamrick, 720 F. Supp. 66, 67 (W.D.N.C. 1989) (emphasis in original). A "substantial question" under § 3143(b) is "a 'close' question or one that very well could be decided the other way." United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam) (quotation and citation omitted).

In this case, setting aside defendant's argument on the first prong of § 3143(b), defendant contends that she raises a substantial question likely to result in reversal or a sentence that does not include imprisonment. She identifies several issues on appeal, including the court's refusal to allow defendant to withdraw her guilty plea and the reasonableness of her sentence. While these issues are certainly proper for appeal, defendant offers no explanation or citation to authority for why these issues raise a substantial question. Defendant has not satisfied the second prong of § 3143(b). See Hamrick, 720 F. Supp. at 68 ("It is not sufficient for the defendant, as the Defendant has done in this case, to merely note some aspects of his case that he

3

is now unpleased with.").

In sum, defendant has not met her burden under § 3143(b),[1] and the motion is DENIED.

This 19 October 2011.

                                               W. Earl Britt
                                               Senior U.S. District Judge

---

[1] Although defendant also cites to Rule 8(a)(1) of the Federal Rules of Appellate Procedure in support of her motion, that rule pertains to civil cases. Rule 8(c) states that "Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case." Fed. R. App. P. 8(c). That rule in turn provides that "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment." Fed. R. Crim. P. 38(b)(1).

4