UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:10-CR-0093-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CHARLETTE D. JOHNSON | ) | |
| | ) | |

This matter is before the court on defendant's *pro se* motions for recusal, (DE # 233), and for a writ of habeas corpus, (DE # 239).

This case has a lengthy history. Relevant now is the more recent history. After defendant pled guilty to two counts of making false, fictitious, or fraudulent claims for disaster relief, eight counts of wire fraud, and two counts of aggravated identity theft, and after the Fourth Circuit Court of Appeals remanded the case a second time for resentencing, the court sentenced defendant to 121 months imprisonment. Defendant then appealed her convictions and sentence. With its mandate issuing on 24 December 2014, the Court of Appeals affirmed the judgment of this court in all respects. (DE ## 237, 240.)

On 12 May 2014, while her appeal was pending, defendant filed the instant motion for recusal pursuant to 28 U.S.C. § 455(b), alleging that the undersigned has a bias or prejudice concerning her. (DE # 233, at 6.)

> Judicial recusals are governed by a framework of interlocking statutes. *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all judges of the United States have a general duty to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. Under 28 U.S.C. § 455(b), Congress offers a list of other situations requiring recusal, including where a judge has a personal bias or prejudice concerning a party or when he has a

financial interest in the subject matter in controversy that could be substantially affected by the outcome of the proceedings. However, bias or prejudice generally must be based on something other than what the judge has learned from his participation in the case. *Id.* (*citing Liteky v. United States*, 510 U.S. 540, 545 n. 1, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). The Supreme Court explained that opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceeding, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion. *Liteky*, 510 U.S. at 554. Also, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Id.* at 555. Furthermore, judicial remarks that are critical or disapproving of, or even hostile to counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge. *Belue*, 640 F.3d at 573 (*citing Liteky*, 510 U.S. at 554).

"In order to achieve recusal based on in-trial predispositions or bias, judicial conduct must be egregious and the party seeking recusal must overcome a high bar." *Singletary v. South Carolina Dept. of Educ.*, 2012 WL 714796 (D.S.C. 2012) (*citing United States v. Antar*, 53 F.3d 568 (3d Cir. 1995) (where the court held that recusal was justified because the judge stated that his objective in the case from day one had been to recover funds that the defendants had taken from the public)); *see also Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888 (8th Cir. 2009) (where recusal was appropriate because the judge directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and refused to allow Plaintiffs to present their argument at the sanctions hearing). "While recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574.

<u>Johnson v. Laurel Woods Homeowners Ass'n</u>, C.A. No. 4:10–664–TLW–TER, 2012 WL 1167196, at *1-2 (D.S.C. Apr. 9, 2012).

With the exception of one ground, all the grounds that defendant raises in support of disqualification concern rulings this court has made adverse to her. (Mot., DE # 233, at 8-11.) Other than the adverse rulings themselves, defendant points to nothing outside this case which

2

purportedly makes the undersigned biased or prejudiced against her. The other ground on which defendant relies is her filing of a Bivens action against the undersigned and others in the Middle District of North Carolina, No. 1:13CV1067, which was apparently dismissed without prejudice to defendant refiling a new complaint in this district.[1] (See id. at 10; Order, DE # 233-9.) Defendant's filing of an action against the undersigned based on her underlying convictions in this court does not justify recusal. See United States v. Cooley, 1 F.3d 985, 993-94 (10th Cir. 1993) (recognizing that suits against the judge by a party, among other things, ordinarily do not satisfy the requirements for disqualification). Defendant's motion for recusal is meritless and therefore will be denied.

    Turning to defendant's motion for a writ of habeas corpus, defendant relies on 28 U.S.C. § 2243. (Mot., DE # 239, at 1.) Defendant asserts two grounds for relief and requests that the court order her immediate release. (Id. at 2-11.) Because defendant is challenging her convictions and sentence entered in this court, defendant's motion is more appropriately considered as one pursuant to 28 U.S.C. § 2255. See Kilgore v. Drew, Civil Action No. 9:08-02299-HFF-BM, 2008 WL 4279565, at *4 (D.S.C. Sept. 18, 2008) ("[T]he statute cited by the petitioner in his pleading, 28 U.S.C. § 2243, governs the issuance of writs, returns, and hearings in habeas corpus cases. It is not a separate collateral proceeding statute, such as 28 U.S.C. § 2241, 28 U.S.C. § 2254, or 28 U.S.C. § 2255.") Accordingly, she must file it on the appropriate form, a copy of which the court will direct the Clerk to send to defendant. See R. 2(c) Governing Section 2255 Proceedings.

    For the foregoing reasons, defendant's motion for recusal is DENIED. Defendant's motion for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Clerk is

---

[1] It appears that defendant has refiled the action in this district. See Johnson v. Britt, No. 5:14-CT-3270-D (E.D.N.C.).

DIRECTED to mail to defendant at her address of record a copy of AO Form 243, Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.

This 16 January 2015.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge