IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-93-BR-1
No. 7:15-CV-63-BR

CHARLETTE DUFRAY JOHNSON,    )
                         Petitioner,  )
                                   )
        v.                         )                    ORDER
                                   )
UNITED STATES OF AMERICA,     )
                       Respondent. )

With her most recent appeal having concluded, this matter is now before the court for

initial review of petitioner's 28 U.S.C. § 2255 motion, (DE # 246), pursuant to Rule 4 of the Rules

Governing Section 2255 Proceedings.   Under this Rule, "[i]f it plainly appears from the motion,

any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

relief, the judge must dismiss the motion . . . ."   R. Gov. § 2255 Pro. 4(b).

This case has a lengthy history, and the court recites only those events which are pertinent

to reviewing the instant § 2255 motion.   On 31 January 2011, petitioner pled guilty, without a plea

agreement, to two counts of making false, fictitious, or fraudulent claims for disaster relief in

violation of 18 U.S.C. § 287 ("Counts One and Four"); eight counts of wire fraud in violation of 18

U.S.C. § 1343 ("Counts Seven through Fourteen"); and two counts of aggravated identity theft in

violation of 18 U.S.C. § 1028A.   At the most recent resentencing hearing, the court sentenced

petitioner to a total term of 121 months imprisonment and a total term of five years supervised

release, and ordered her to pay a $1200 assessment and $53,666.30 in restitution to the Federal

Emergency Management Agency.   (Am. J., DE # 224.)

Petitioner appealed from this judgment.   Specifically, she "challenge[d] her convictions

on Counts Seven through Fourteen, as well as the sentence imposed during the second

resentencing." (Slip. Op., DE # 237, at 2.) Based on the mandate rule, the appellate court

refused to consider most of petitioner's challenges. (See id. at 2-3.) The court did consider

whether "(1) her [guideline] enhancement under USSG § 3C1.3 violates Alleyne[v. United States,

133 S. Ct. 2151 (2013),] and Apprendi v. New Jersey, 530 U.S. 466 (2000), and (2) th[is] court

abused his discretion in declining to recuse himself from the second remand hearing." (Id. at 3.)

The appellate court affirmed this court on both issues.

    With the instant motion, petitioner asserts four claims challenging her convictions and

sentence. The court addresses the substance of each claim in turn.[1]

    First, petitioner claims that the superseding indictment as to Counts Seven through

Fourteen (charging wire fraud) was defective because it charged "only emails," rather than the

amount of actual monetary loss, in violation of the 5th, 6th, and 14th Amendments. (Mot., DE #

246, at 4; see also Br., DE # 246-1, at 1-2.) This first claim fails for two reasons. First, a valid

guilty plea waives all antecedent nonjurisdictional defects. See United States v. Bundy, 392 F.3d

641, 644 (4th Cir. 2004). Defects in an indictment are not jurisdictional. United States v.

Cotton, 535 U.S. 625, 631 (2002). Thus, by virtue of petitioner's knowing and voluntary guilty

plea to Counts Seven through Fourteen, (see Slip Op., DE # 108, at 2 ("A comprehensive review of

the record confirms that Johnson's guilty plea was knowing and voluntary . . . .")), petitioner has

waived this claim. Second, the amount of monetary loss need not be alleged in the indictment or

---

[1] In considering the substance of petitioner's claims, the court sets aside the fact that most, if not all, her claims appear to be barred because the appellate court has already considered them, see United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues [in a § 2255 proceeding."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a § 2255 petitioner cannot "recast, under the guise of collateral attack, questions fully considered by th[e appellate] court"), or because she could have them on appeal but she failed to do so, see Massaro v. United States, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." (citations omitted)).

decided by a jury beyond a reasonable doubt.   See United States v. Crosgrove, 637 F.3d 646, 666 (6th Cir. 2011); United States v. Roberts, 534 F.3d 560, 573 (7th Cir. 2008); United States v. Photogrammetric Data Servs., Inc., 259 F.3d 229, 257-58 (4th Cir. 2001), overruled on other grounds by Crawford v. Washington, 541 U.S. 36 (2004).   Thus, the indictment is not defective, and petitioner is not entitled relief on her first claim.

Petitioner next claims that the court erred in denying her objections dated 26 December 2013 to the Presentence Report to the calculation of loss.   (Mot., DE # 246, at 5; see also Br., DE # 246-1, at 12.)   Pursuant to U.S.S.G. § 2B1.1(b)(1), petitioner's offense level was enhanced 14 levels based on the intended loss of $478,631.08.   (PSR, DE # 75, ¶ 49.)   Relying on Alleyne and Apprendi, she contends that the guideline range should have been based on actual loss of $53,666.30, rather than intended loss.   (See Mot., DE # 246, at 5; Objs., DE # 202, at 1-3.)

At the outset, the court recognizes that it is proper under the guidelines to enhance a defendant's offense level based on intended loss.   U.S.S.G. § 2B1.1, comment. (n.3) (2010) ("General Rule.—Subject to the exclusions in subdivision (D), loss is the greater of actual loss or intended loss. . . .   'Intended loss' (I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur (e.g., as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value)."); see also United States v. Steele, 595 F. App'x 208, 215 (4th Cir. 2014) ("Our precedent is clear that when calculating loss under § 2B1.1(b)(1), intended loss (rather than actual loss) is the appropriate measure." (citing United States v. Miller, 316 F.3d 495, 499 (4th Cir. 2003)).   More importantly, however, even assuming the court incorrectly enhanced petitioner's offense level, such an error is generally not a ground for § 2255 relief.   See United

3

States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) ("[A] misapplication of the guidelines typically does not constitute a miscarriage of justice" to provide a basis for collateral relief ). Furthermore, to the extent petitioner claims that the error was constitutional, neither Alleyne nor Apprendi was violated because a mandatory minimum sentence was not implicated and petitioner was sentenced within the statutory maximum. (See Slip. Op., DE # 237, at 4.) Petitioner is not entitled to any relief on her second claim.

Petitioner's third claim alleges that the court improperly calculated her guideline imprisonment range on Counts Seven through Fourteen to be 97 months. (Mot., DE # 246, at 6; see also Br., DE # 246-1, at 19.) In support of this claim, she raises the same arguments she raises in support of her first and second claims. (See Br., DE # 246-1, at 19-22.) The court rejects those arguments for the reasons previously stated. Additionally, she contends that the court violated Gall v. United States, 552 U.S. 38 (2007). (Mot., DE # 246, at 6; Br., DE # 246-1, at 19.) While not specifying the manner in which she contends the court violated Gall, petitioner does cite Gall for the necessary steps which the court must follow in sentencing a defendant, namely correctly calculating the guideline range, considering the parties' arguments and 18 U.S.C. § 3553(a)'s factors, and adequately explaining the sentence. (Br., DE # 246-1, at 20, 21.)

Petitioner is correct that under Gall, the court may not presume that the applicable guideline range is reasonable. 552 U.S. at 50. Rather, the court "must make an individualized assessment based on the facts presented. . . . After settling on the appropriate sentence, [the court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Id. (citation omitted). At petitioner's first resentencing hearing wherein the court imposed the sentence of 97 months imprisonment on

4

Counts Seven through Fourteen, after calculating the guideline range, the court heard from defense counsel, petitioner herself, and the prosecutor about an appropriate sentence. (11/5/12 Tr., DE # 176, at 33-42.) The court then explained the sentence, providing reasons for its rejection of defendant's motion for a variance and referring to those § 3553(a) factors deemed particularly significant. (See id. at 42-48.) Thus, the court conformed to its obligations under Gall. Petitioner is not entitled to relief on her third claim.

Finally, petitioner claims that the court improperly calculated the guideline imprisonment range on Counts One and Four. (Mot., DE # 246, at 8; Br., DE # 246-1, at 24.) In support of this claim, petitioner relies on the same arguments she raises in conjunction with her other claims. (See Br., DE # 246-1, at 24-29.) For the reasons set forth above, petitioner is not entitled to relief on her fourth claim.

It plainly appears that petitioner is not entitled to relief on any claim she brings, and accordingly, the § 2255 motion is DISMISSED.

Petitioner recently filed a motion for appointment of counsel. (DE # 254.) In non-death sentence § 2255 proceedings, the court is not obligated to appoint counsel for a petitioner until an evidentiary hearing is ordered. 18 U.S.C. § 3599(a)(2); R. Gov. § 2255 Pro. 8(c). Given the dismissal of the § 2255 motion without an evidentiary hearing, the motion for appointment of counsel is DENIED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing

Section 2255 Proceedings, a certificate of appealability is DENIED.

This 11 June 2015.

_____

W. Earl Britt
Senior U.S. District Judge